**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEISHA L. BROWN**, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RWT-09-2602 |
| **PRINCE GEORGES HOSPITAL and BEVERLY CALLOWAY** | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Before review of the instant case, it is necessary to examine Plaintiff Keisha L. Brown's prior court filings. On February 2, 2009, Plaintiff filed an employment discrimination complaint against the Prince George's Hospital ("Hospital"), Beverly Calloway, and other Hospital employees, alleging that she was subject to sexual harassment, retaliation, and wrongful termination related to her employment at the Hospital from September of 2005 to January of 2007. See Brown v. Prince George's Hospital, Civil Action No. RWT-09-215 (D. Md.). After reviewing the Complaint and the accompanying July 25, 2007 "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"), the Court concluded that the Complaint was filed in an untimely manner. The action was dismissed on February 26, 2009. A Motion for Reconsideration, filed on May 7, 2009, was also denied. See Brown v. Prince George's Hospital, Civil Action No. RWT-09-215 (D. Md. Oct. 21, 2009).

On February 9, 2009, Plaintiff, who is a resident of Ellenwood, Georgia, filed a second Complaint against the Hospital, Calloway, and other Hospital employees. She alleged libel and defamation claims as well violations of the Health Insurance Portability and Accountability ("HIPAA"), the Federal Privacy Act, and Title VII. See Brown v. Prince George's Hospital, Civil Action No. RWT-09-285 (D. Md.). That case remains pending before the Court.

On October 5, 2009, Plaintiff filed the instant action again raising claims of employment discrimination as to the Hospital and Ms. Calloway. The claims relate to alleged sexual harassment and retaliation occurring during her employment as an Assistant Department Manager of the Hospital's Operating Room from 2005 to 2007.

The Court concludes that the allegations in the Complaint clearly arise out of matters subject to the EEOC's Right to Sue letter, which Plaintiff filed in Civil Action No. RWT-09-215. As noted by the Court previously, the Right To Sue letter advised Plaintiff that she must pursue a law suit within 90 days of receiving the notice letter. The letter is dated July 25, 2007. Because this Complaint has been filed over two years after the issuance of the "Right to Sue" letter (well beyond the 90 day filing deadline for a Title VII action), it is time-barred and must be dismissed. See 42 U.S.C. § 2000e-5(f); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984).

The Court also notes that Plaintiff argued in her Motion for Reconsideration in her RWT-09-215 civil action that her Complaint should not be dismissed because she did not actually receive the Right To Sue letter until October of 2008. Even assuming Plaintiff did not receive her Right To Sue letter on or around July 25, 2007, the actual receipt of the right to sue letter is not necessary to trigger the limitations period. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (delivery of a notice to pick up a certified letter at the post office triggers the ninety-day limitations period-not the date when the letter is actually picked up); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Espinoza v. Missouri Pacific Railroad Company, 754 F.2d 1247 (5th Cir.1985). To the extent that Plaintiff's argument was a request for equitable tolling, the Court denied it because Plaintiff did not diligently pursue her Title VII claims. See Baldwin County, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable

principles to excuse that lack of diligence.”).

For the foregoing reasons, Plaintiff’s Complaint, by separate order, shall be dismissed as time-barred, while Plaintiff’s Motion for Leave to Proceed In Forma Pauperis shall be granted.

Date: November 4, 2009

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE